Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO, | Case No.: 2:24-cv-00435-DJA |
| Plaintiff, | **MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE; AFFIDAVIT IN SUPPORT;** |
| v. | |
| EVAN MCKNIGHT, et al. | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. Rule 6(b), Plaintiff Jose DeCastro ("Plaintiff") respectfully moves this Court for an extension of time to perform service on all defendants ("Defendants"), to push this deadline for service back 90 more days to October 23, 2024.

In support of this motion, Plaintiff submits a Memorandum of Points and Authorities and the affidavit of Jose DeCastro in support of this motion, filed concurrently, and incorporated here, records in this action, on the oral argument of counsel, if any, and on such and further evidence as the Court might deem proper.

**BACKGROUND**

March 4, 2024, Plaintiff filed this action and was incarcerated two weeks later for a crime

1

that he was factually innocent of, and in violation of his First Amendment Rights. During the time Plaintiff was incarcerated, due to not having general access to any resources, he was unable to skip trace the defendants or to hire a process server to have them served.

July 11, 2024, Plaintiff was exonerated on appeal and released from jail. Since then, Plaintiff has been diligently trying to skip trace the Defendants.

Plaintiff did not receive notice from the Court's clerk regarding the intention to dismiss this complaint under Fed. R. Civ. P. Rule 4(m), and there is nothing on the record indicating how the notice was allegedly sent. Plaintiff only discovered the status of this case today, July 25, 2024 when checking the website.

The date of the actions of the Defendants was largely started on March 21, 2022, which would make dismissal of some of Plaintiff's claims with prejudice due to the two-year statute of limitations. The majority of the two-year statute of limitations was spent expecting a prior complaint being allowed to be amended to add the additional claims filed here.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. Rule 6(b) Motion to Extend Time is proper.** Fed. R. Civ. P. Rule 6(b) allows this court, for good cause, to extend the time of when an action is due, if a request is made before the original time expires or its extension expires, or after the time has expired if the party failed to act because of excusable neglect. Here, the Plaintiff's **excusable neglect** at completing service is due to his illegal incarceration for the majority of the original 90 day period, making this motion **timely**. Additionally, the clerk's notice has extended the period to perform service, making this motion **timely**. The Ninth circuit, citing the Supreme Court, has made it clear that excusable neglect it not reserved for extraordinary circumstances and takes into factors such as prejudice, reason for delay, reasonable control, and good faith. *TCI Grp. Life Ins. Plan v. Knoebber*, 244

F.3d 691, 696 (9th Cir. 2001).

Plaintiff's illegal incarceration and the expiration of the statute of limitations both provide **good cause** to extend the deadline.

**B. A Rule 4(m) *sua sponte* dismissal may only be made after notice and only where good cause is not shown**. Fed R. Civ. P. Rule 4(m) clearly states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The rule does not give the court jurisdiction to dismiss the action under Rule 4(m) until after notice to the plaintiff.

Here, Plaintiff did not receive notice, reflected in Plaintiff's affidavit and in this Court's record. This Court can not dismiss the action under Rule 4(m) because Plaintiff has not had the opportunity to show good cause. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013).

Here, the plaintiff has provided **good cause**, and so this court **must** extend the time for service for an appropriate period. The Ninth Circuit has explained that good cause can be as low as excusable neglect. *Electrical Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992); *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

Finally, the Notes of the Advisory Committee for Subdivision (m) on the Fed. R. Civ. P. 1993 amendments make it clear that the court is authorized to extend the time, even if no good cause is shown. Fed R. Civ P. Rule 4.

**C. Rule 6(b) allows for relief from dismissal where the applicable statute of limitations would bar the refiled action**. "This is especially true when dismissal signals the demise of all or some of the plaintiff's claims." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir.

1984); *Gabriel v. United Nat'l Ins. Co.*, 259 F.R.D. 242, 2009 U.S. Dist. LEXIS 68443 (E.D. La. 2009). *See Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009).

DATED: July 26, 2024                                    Respectfully submitted,

                                                        _____
                                                        Jose DeCastro
                                                        *Pro Se* Plaintiff

### AFFIDAVIT OF JOSE DECASTRO IN SUPPORT

March 4, 2024, I, Jose DeCastro filed this action and was incarcerated two weeks later for a crime that was factually innocent of, and in violation of my First Amendment Rights.

During the time I was incarcerated, due to not having general access to any resources, I was unable to skip trace the defendants or to hire a process server to have them served.

July 11, 2024, I was exonerated on appeal and released from jail. Since then, I have been diligently trying to skip trace the Defendants.

I did not receive notice from the Court's clerk regarding the intention to dismiss this complaint under Fed. R. Civ. P. Rule 4(m), and there is nothing on the record indicating how the notice was allegedly sent. I only discovered the status of this case today, July 25, 2024 when checking the website.

The date of the actions of the Defendants was largely started on March 21, 2022, which would make dismissal of some of Plaintiff's claims with prejudice due to the two-year statute of limitations. The majority of the two-year statute of limitations was spent expecting a prior complaint being allowed to be amended to add the additional claims filed here.

I declare under penalty of perjury, that the foregoing is true and correct.

Dated: July 25, 2024

_____
Jose DeCastro
*Pro Se* Plaintiff