UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO, | : |
| | : Case No. 2:24-cv-00435-DJA |
| PLAINTIFF, | : |
| | : |
| v. | : |
| | : |
| EVAN MCKNIGHT, *et al.*, | : |
| | : |
| DEFENDANTS. | : |

**LAWRENCE COUNTY DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE**

Now come Defendants John Chapman and the Lawrence County Commissioners (collectively referred to as the "Lawrence County Defendants"), by counsel, respectfully requesting this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6). Alternatively, the Lawrence County Defendants respectfully request this Court transfer this action to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1406. A Memorandum in Support is attached hereto and incorporated by reference.

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
Lambert Law Office
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
(740) 532-7341 – Fax
*Counsel for Lawrence County Defendants*

1

**MEMORANDUM IN SUPPORT**

I. **STATEMENT OF THE CASE**

Jose DeCastro (hereinafter, "Plaintiff"), proceeding pro se, is a self-proclaimed "member of the press who was investigating police corruption" in Ironton, Ohio. (Doc. #: 1, ¶ 1). According to the Complaint, on March 29, 2022, Plaintiff was at the Ironton City Hall building inquiring about renting the common area for the same day to hold a "constitutional rights class." (Doc. #: 1, ¶¶ 64-65). According to the Complaint, it was after 3:00 p.m. when Plaintiff sought permission from the Mayor's office to use the aforesaid space and wanted his "class" to start at 3:15 p.m., which required immediate authorization to utilize the area. (Doc. #: 1, ¶ 65). However, Ironton's Mayor, Samuel Cramblit, had to approve the request and he had already left the office for the day. (Doc. #: 1, ¶ 65). Plaintiff was informed that any request to use the building had to be approved with 24 hours' notice. (Doc. #: 1, ¶ 69). Plaintiff alleges that because he was not given immediate authorization to use the space, it violated his right to use a public space. (Doc. #: 1, ¶ 65). Even without permission to hold his "class," Plaintiff sent a public invitation "expecting that [he] would be allowed to use the space without [his] rights being violated, and that Cramblit would do the right thing and authorize the request." (Doc. #: 1, ¶ 65).

According to the Complaint, at 4:58 p.m., the lights were turned off in the lobby, which "further interfere[d] with [his] right to use the lobby." (Doc. #: 1, ¶ 70). At 4:59 p.m., former Ironton City Police Chief, Pam Wagner, told Plaintiff to leave or warned that he would be arrested. (Doc. #: 1, ¶ 73). Although directed to leave the building, Plaintiff claims that he "did not feel free to leave" due to Wagner's "commands and hand gestures." (Doc. #: 1, ¶ 73). Due to Plaintiff's failure to vacate the premises, he was arrested. (Doc. #: 1, ¶ 75).

After his arrest, Plaintiff was taken to the Lawrence County Jail. (Doc. #: 1, ¶ 79). There, he was asked his name and date of birth, which he provided. (Doc. #: 1, ¶ 79). However, Plaintiff refused to provide his social security number to verify his identity. (Doc. #: 1, ¶¶ 79-80). According to the Complaint, the Lawrence County Jail Administrator, John Chapman, said that he would list Plaintiff as a "John Doe," and he would be incarcerated for up to three months until the FBI confirmed Plaintiff's identity. (Doc. #: 1, ¶ 80). Plaintiff further claims that Chapman "threatened to charge [him] with felony obstruction if [he] didn't provide [his] social security number." (Doc. #: 1, ¶ 80). Eventually, Plaintiff provided his social security number and was released, on bail, the same day. (Doc. #: 1, ¶¶ 80-81).

The majority of the allegations set forth in the Complaint are irrelevant to the case before this Court. Plaintiff's Complaint sets forth the following causes of action against the Lawrence County Defendants: Count 8 (Doc. #: 1, ¶¶ 141) – Monell Policy and Supervisory Liability Claim against Defendant Lawrence County; Count 14 (Doc. #: 1, ¶¶ 177-182) – Negligence against all individual Defendants; Count 15 (Doc. #: 1, ¶¶ 183-188) – Failure to Train against Lawrence County; Count 16 (Doc. #: 1, ¶¶ 189-193) – Failure to Intervene against all individual Defendants; Count 17 (Doc. #: 1, ¶¶ 194-198) – Civil Conspiracy and Racketeering against all individual Defendants; Count 18 (Doc. #: 199-203) – Abuse of Power against Defendant John Chapman; and Count 24 (Doc. #: 1, ¶¶ 229-233) – Denial of Rights against Defendant John Chapman.[1]

For the reasons set forth below, the Lawrence County Defendants maintain that the claims set forth in the Complaint fail to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(3) and 12(b)(6). Alternatively, the Lawrence County Defendants

---

[1] It is unclear whether Count 5 (Doc. #: 1, ¶¶ 125-129), alleging a First Amendment violation, and Count 6 (Doc. #: 1, ¶¶ 130-134), alleging First Amendment retaliation, are directed against the Lawrence County Defendants.

3

respectfully request this Court transfer venue to the United States District Court for the Southern District of Ohio.

## II. MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The plaintiff's ground for relief must entail more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although a plaintiff need not plead specific facts, the complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "[A] naked assertion […] gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility […]." *Twombly*, 550 U.S. at 557. Thus, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[a] complaint must contain either direct or inferential allegations concerning 'all the material elements necessary to sustain recovery under *some* viable legal theory.'" *Evans v. Wells Fargo Home Mortg., Inc.*, 2019 WL 1472102 (D. Nev. 2019) (quoting *Twombly*, 550 U.S. at 562) (emphasis in original).

In this case, Plaintiff's claims are barred by res judicata. Plaintiff, as set forth below, previously filed a Complaint, based upon the same allegations as the case before this Court, in the United States District Court for the Southern District of Ohio. Thus, the Lawrence County Defendants maintain that dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), is warranted.

### A. **Plaintiff's Claims Are Barred By Res Judicata.**

Res judicata, or claim preclusion, "prevents parties from raising issues that could have been raised and decided in a prior action – even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S.Ct. 1589, 1594 (2020). Additionally, "if a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* at 1594-1595 (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). Suits involve the same claim when "arising from the same transaction even if brought under different statutes" (*Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 482 n.22 (1982)), or involve a "common nucleus of operative facts" (*Lucky Brand Dungarees, Inc.*, 140 S.Ct. at 1594-1595).

Res judicata applies when the earlier suit "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005). For the reasons set forth below, the Lawrence County Defendants maintain that res judicata bars Plaintiff's current suit.

### i. **Both Cases Involve The Same Claims.**

Whether two cases involve the same claims or causes of action hinges on whether the suits have a common nucleus of operative facts. *Mpoyo*, 430 F.3d at 988 (citing *Int'l Union v. Karr*, 994 F.2d 1426, 1429-30 (9th Cir. 1993) (listing cases using the same nucleus of operative fact as the exclusive factor to bar a second claim under res judicata)). In determining whether two suits are part of the same transaction or series, it must be determined whether they are based

5

on "the same set of facts and whether they could conveniently be tried together." *Id*. at 987 (citing *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)).

On April 13, 2022, Plaintiff filed a pro se complaint in the United States District Court for the Southern District of Ohio (Case No. 1:22-cv-204, Complaint attached as Exhibit A).[2] In that case, Plaintiff based the causes of action on the same set of allegations set forth in the instant Complaint before this Court. In the prior case, Plaintiff detailed a "protest" that occurred at Ironton City Hall, and he refused to vacate the premises when the building was closed, which resulted in his arrest by the Ironton Police Department officers. Plaintiff claimed that during the booking process, Major John Chapman, with the Lawrence County Sheriff's Office, told Plaintiff "that he had to get his Social Security number." (Ex. A, ¶¶ 16, 23). Plaintiff objected, and according to the Complaint, Chapman told him that he would be listed as a "John Doe" and incarcerated for up to three months until the FBI confirmed his identity. (Ex. A, ¶ 23). Plaintiff further alleged that Chapman "demanded" Plaintiff's Social Security number and "threatened him with a felony charge of obstruction of justice if [Plaintiff] did not give him his Social Security number." (Ex. A, ¶ 24).

The Complaint sets forth the following causes of action: Cause 1 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Wagner, Spoljaric, Blankenship, McKnight, and Fouch; Cause 2 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; Cause 3 – 42 U.S.C. § 1983 – Fourteenth Amendment Violation – Due Process against Defendants; Cause 4 – 42 U.S.C. § 1983 – Violation of First Amendment against Defendants; Cause 5 – 42 U.S.C. §

---

[2] While a court is generally constrained to the allegations in the complaint when ruling on a 12(b)(6) motion, it "may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). *See also Shaw v. Hahn*, 56 F.3d 1128, 1130 n.1 (9th Cir. 1995) ("In deciding whether to dismiss a claim under Fed.R.Civ.P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (district court's consideration of state administrative records to determine whether an agency decision had a collateral estoppel effect on the plaintiff's claim did not convert defendant's 12(b)(6) motion to one for summary judgment).

1983 – Violation of Fourth Amendment against Chapman[3]; Cause 6 – 42 U.S.C. § 1983 – Violation of Fourteenth Amendment against Jane Doe; and Cause 7 – 42 U.S.C. § 1983 – Monell claim against Ironton and Lawrence County for failure to properly train and supervise.[4]

### ii.  The Lawrence County Defendants Were Dismissed Pursuant To A Final Judgment On The Merits.

"Rule 12(b)(6) dismissals are granted based on a plaintiff's failure to plead a cognizable claim. Using this yardstick, a district court analyzes the facts and legal claims in the complaint to determine if the plaintiff has alleged a cause of action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002). The United States Supreme Courts confirmed that a dismissal for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), is a "judgment on the merits" to which res judicata applies. *Id*. (citing *Federated Dept. Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).

In this case, the United States District Court for the Southern District of Ohio did not specify whether the suit was dismissed with or without prejudice. (See Court's Opinion and Order, attached as Exhibit C, p. 8). Plaintiff may argue that since the Court did not specify whether the dismissal was with or without prejudice, it was not a final judgment on the merits. However, Fed.R.Civ.P. 41(b) states that "[u]nless the dismissal order states otherwise, a dismissal […] – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." Here, the United States District Court for the Southern District of Ohio dismissed the Amended Complaint pursuant to the Lawrence County Defendants' 12(b)(6) Motion to Dismiss. (Ex. C, p. 4). Thus, pursuant to well-

---

[3] The second and fifth causes of action were identical.

[4] After the Lawrence County Defendants filed a Motion to Dismiss, Plaintiff then amended his Complaint but omitted John Chapman and Lawrence County, Ohio, as named Defendants. (See Amended Complaint, attached as Exhibit B). Nonetheless, the Amended Complaint set forth allegations against John Chapman in the body. (Ex. B, ¶¶ 12-13).

established caselaw, the Court's dismissal constitutes a final judgment on the merits. *See Moitie*, 452 U.S. at 399 n.3 (A motion to dismiss under Rule 12(b)(6) is generally considered "a judgment on the merits.").

### iii. The Cases Involve Identical Parties Or Privies.

The initial Complaint filed in the United States District Court for the Southern District of Ohio named the following Defendants: Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Officer Fouch, Major John Chapman, Jane Doe, City of Ironton, and Lawrence County, Ohio. The Complaint filed in this Court also named John Chapman and the Lawrence County Commissioners as Defendants. Although Plaintiff may claim that he filed his previous suit against Lawrence County, Ohio, because Plaintiff is presumably suing the Commissioners, in their official capacities, he is essentially suing Lawrence County. *See Villines v. Nye County Sheriff Dept.*, 2:20-cv-00099-APG-BNW, *2 (D. Nev. 2021) ("To the extent plaintiff means to assert his claims against these commissioners in their official capacities, those claims are coextensive to the claims against the county itself."). In this case, the Complaint does not specify whether Plaintiff is suing the Lawrence County Commissioners in their individual capacities, and as a result, it is assumed they are only being sued in their official capacity. *See Llavata v. Morrow*, No. 2:11-cv-00250-JAD-CWH, *5 (D. Nev. 2014) (citing *Shoshone-Bannock Tribes v. Fish & Games Comm'n. Idaho*, 42 F.3d 1278, 1285 (9th Cir. 1994) ("To sue a state official in his personal capacity, the complaint must specify that the plaintiff brings suit against the person in his personal or individual capacity.")). Thus, the previous case filed in the Southern District of Ohio, and the current case before this Court, involve identical parties. For the reasons set forth above, Defendants maintain that the Complaint is barred by res judicata.

### III. <u>MOTION TO DISMISS PURSUANT TO RULE 12(b)(3) FOR IMPROPER VENUE</u>

Federal Rule of Civil Procedure 12(b)(3) allows a party to file a motion to dismiss for improper venue. Plaintiff bears the burden of establishing venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss for improper venue, a court is not required to accept the allegations set forth in the complaint as true and may consider facts outside the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

"Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). When venue is challenged, a court determines whether the case falls within one of the three categories set out in § 1391(b). *Id.* at 56. "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)" to any district in which it could have been brought. *Id*. Venue is proper, pursuant to 28 U.S.C. § 1391(b), in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In this case, Plaintiff filed the current action in the wrong venue. None of the Defendants

reside in Nevada. Moreover, as evidenced by the allegations set forth in the Complaint, none of the events giving rise to Plaintiff's claims occurred in Nevada. All of the events that Plaintiff relies on to support his claims occurred in Ironton, Ohio. Thus, Nevada is not the proper venue for Plaintiff to bring his claims against Defendants, and as a result, Defendants respectfully request this Court dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(3).

### IV. ALTERNATIVELY, THE LAWRENCE COUNTY DEFENDANTS REQUEST THIS COURT TRANSFER THE CASE.

When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See also Atl. Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Texas*, 571 U.S. 49, 56 (2013) (explaining that when venue is improper, "the case must be dismissed or transferred under § 1406(a)"). Additionally, plaintiff bears the burden of establishing that venue is properly laid in the district where the action was filed. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Although a court takes "a broad view when transfer is appropriate" (*Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015)), dismissal is appropriate, under § 1406(a), when the plaintiff opposes transfer to a proper district (*Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 588 (9th Cir. 1991) (per curiam)) or "has sought to avoid [the proper district] through blatant forum shopping" (*Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983)).

In this case, Plaintiff named eight Defendants, excluding the John Doe Defendants. As explained above, venue is improper because none of the Defendant reside in Nevada. Moreover, all of the incidents, relevant to this action, occurred in or around Ironton, Ohio. Thus, if the Lawrence County Defendants' Motion to Dismiss is not granted, the aforesaid Defendants

10

request this Court transfer this case to the United States District Court for the Southern District of Ohio.

## V. **CONCLUSION**

For the reasons set forth above, the Lawrence County Defendants respectfully request this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6). Alternatively, the Lawrence County Defendants request this Court transfer this case to the United States District Court for the Southern District of Ohio.

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the Lawrence County Defendants' Motion to Dismiss Or, In The Alternative, Transfer Venue was provided via the Court's electronic filing system (CM/ECF) on the 25th day of March 2025 and mailed, postage prepaid, via USPS to the following:

Jose DeCastro
1258 Franklin Street
Santa Monica, CA 90404

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants*