## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOSE MARIA DECASTRO<br><br>*Plaintiff,*<br>vs.<br><br>PAM WAGNER, in her individual and official capacities,<br><br>BRAD SPOLJARIC, in his individual and official capacities,<br><br>CHANCE BLANKENSHIP, in his individual and official capacities,<br><br>EVAN MCKNIGHT, in his individual and official capacities,<br><br>ROBERT FOUCH, in his individual and official capacities.<br><br>*Defendants,* | Case No.: 22-cv-00204<br><br>Plaintiffs First Amended Complaint<br><br>EXHIBITS 1-2 attached hereto and incorporated herein<br><br>Jury Trial Demanded Herein |



## PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW,** Plaintiff Jose Maria DeCastro, appearing *pro se* in the above-titled cause, hereby files this, his First Amended Complaint for deprivation of certain of his guaranteed and protected civil rights relating to the 1st, 4th, and 14th Amendments. This First Amended Complaint is brought pursuant to Rule 15 and in compliance with this court's order of 8/15/22, *Dkt. #19.*

EXHIBIT B

Plaintiff Jose Maria DeCastro First Amended Complaint		Page   1

## I.  JURISDICTION AND VENUE

1. Causes of Action of this complaint arise under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights). The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331 and this court also has original jurisdiction pursuant to 28 U.S.C. §1343.

2. Venue is proper because all events giving rise to Plaintiffs' causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## II.  PARTIES

### A. Plaintiff

3. Plaintiff Jose Maria DeCastro, hereinafter "DECASTRO", at all times relevant herein, suffered injury while in this District in the City of Ironton, Ohio.

### B. Defendants

4. Plaintiff is informed and believes that Defendant Pam Wagner, hereinafter "WAGNER", was the city of Ironton Chief of Police and a sworn peace officer, employed by defendant City of Ironton, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Ironton. WAGNER is being sued in her individual and official capacities.

5. Plaintiff is informed and believes that Defendant BRAD SPOLJARIC, hereinafter "SPOLJARIC", was a peace officer for the city of Ironton and employed by defendant City of Ironton, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Ironton. SPOLJARIC is being sued in his individual and official capacities.

6. Plaintiff is informed and believes that Defendant CHANCE BLANKENSHIP, hereinafter "BLANKENSHIP", was a peace officer for the city of Ironton and employed by defendant City of Ironton, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Ironton. BLANKENSHIP is being sued in his individual and official capacities.

7. Plaintiff is informed and believes that Defendant EVAN MCKNIGHT, hereinafter "MCKNIGHT", was a peace officer for the city of Ironton and employed by defendant City of Ironton, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Ironton. MCKNIGHT is being sued in his individual and official capacities.

8. Plaintiff is informed and believes that Defendant ROBERT FOUCH, hereinafter "FOUCH", was a peace officer for the city of Ironton and employed by defendant City of Ironton, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Ironton. FOUCH is being sued in his individual and official capacities.

### III. GENERAL FACTUAL ALLEGATIONS

9. Plaintiff is a videographer, vlogger, and civil rights activists who has been video recording, publishing his recordings, edited and unedited, on media forums such as YouTube, Facebook, Instagram, and the like since approximately 2020. The financial benefits of DECASTRO's postings have been an essential economic support for him.

10. On Tuesday, March 29, 2022, at approximately 4:00 p.m., DECASTRO and approximately 14 other individuals were in the Ironton City Hall waiting hours for a permit to use one of the rooms for a constitutional teaching session. At approximately 5 p.m. a City of Ironton employee announced that the building

was going to be closed and locked. DECASTRO was not given time to leave the building. At no time did DECASTRO refuse to leave.

*11.* At approximately 5:03 p.m., WAGNER approached and began yelling suddenly to DECASTRO, to "cease and desist his disorderly conduct" and DECASTRO was then immediately arrested by defendants SPOLJARIC, BLANKENSHIP, MCKNIGHT, and FOUCH. The other 14 individuals were not yelled at or arrested and were given time to leave the building. DECASTRO was taken to the booking area where several criminal charges were brought against him. DECASTRO was patted down, his person searched, and personal property including his wallet, car key, and other items, including his iPhone 12 Max Pro were taken. *See DECASTRO's video of the 3/29/22 arrest attached as **Exhibit 1.***

12. During the booking process, John Chapman, the top-ranking jailer, told DECASTRO that he had to get his Social Security number. When DECASTRO objected, John Chapman, told DECASTRO that they would list DECASTRO as "John Doe" and that he would be incarcerated for up to 3 months until the FBI came back with confirmation of his identity. DECASTRO again objected saying that it's wrong to require his Social Security number.

13. John Chapman came back moments later and again demanded DECASTRO's social security number and threatened him with a felony charge of obstruction of justice if DECASTRO did not give him his Social Security number. DECASTRO under this threat provided his Social Security number to John Chapman.

14. After posting bond approximately 2 hours later, DECASTRO was released. At the time of his release, DECASTRO's personal property seized off of his person at the time of his arrest and booking was returned to him with the exception of his iPhone 12 Max Pro.

**15.** DECASTRO, who is not a resident of Ironton or the state of Ohio, personally visited or called the Ironton Police Department and demanded that they release his property to him on 3/29/22, 3/30/22, 3/31/22, and 4/12/22. They failed to return DECASTRO's cell phone. On 4/5/22 this Plaintiff prepared and had delivered to the IRONTON Police Department a formal demand for return of property. *See DECASTRO's Formal Demand for return of Property attached as **Exhibit 2**.*

16. On 4/28/22, WAGNER searched DECASTRO'S Iphone and returned said phone to DECASTRO in a damaged state. Upon immediate inspection, DECASTRO observed that the sim card and tray were missing and that the area of insert was damaged. In short, the subject Iphone was no longer usable.

17. When asked what had happened to the Iphone, WAGNER stated that she had no idea what had happened to the phone. From the date of the search and seizure, DECASTRO has been precluded from being able to access contacts, data, and time sensitive information which he requires to prepare and publish specific videos relevant to his journalism.

18. Plaintiff returned to Ironton on or about 4/27/22 and made a live stream video on the YouTube platform. Plaintiff reported that he was going to attend the upcoming Ironton City Hall meeting later that week after his 4/28/22 pretrial hearing regarding the 3/29/22 arrest. DECASTRO further stated that local people should appear, witness and protest the 4/30/22 City of Ironton auction of seized vehicles.

19. The city prosecutor of this criminal case, who reportedly viewed the video, stated at the 4/28/22 hearing that he wanted to impose additional bond restrictions against Plaintiff. Specifically, that Plaintiff was not to come within 1000 feet of BLANKENSHIP, MCKNIGHT, FOUCH, and WAGNER. When Plaintiff appeared at this event the Defendants were dispatched to the location

after Plaintiff was present. The simple appearance of these officers at the auction location brought them well within the 1000 feet distance restriction imposed by Judge Kevin Waldo at the prosecutor's request. It was reported to Plaintiff by local residents at the auction that this was the first time in their recollection that police officers had ever been present at either city hall meetings or the city seized vehicle auction.

20. At the conclusion of the 4/28/22 hearing, Judge Kevin Waldo, whom Plaintiff had been investigating since mid-March 2022 for possible racketeering activities relating to Kevin Waldo's ownership of drug rehab centers in the area where defendants in Kevin Waldo's and other area courts were sentenced. scheduled the next hearing of Plaintiff for 5/26/22.

21. Because Plaintiff travels extensively and would not be in the Ironton, Ohio area, Plaintiff had a process server file a motion to continue the proceeding until the end of the next month, June 2022 or later. Elaine Kleinman Deputy Clerk for the City of Ironton Municipal Court refused to accept the document for filing as she stated the signature was not an ink signature. On 3 other occasions prior to the hearing date, Plaintiff called and spoke with Elaine Kleinman and told her that the signature on the Motion to Continue and his Motion for Telephonic Appearance were his signature and that he validated the documents as his for filing. Elaine Kleinman stated that because she did not consider these valid signatures and she would therefore not file his documents.

22. Additionally, Plaintiff stated to Elaine Kleinman that the purpose for the Motion for Telephonic Appearance was being filed so that he could make his appearance even though he was not in Ohio and could not physically be present. She stated that she would not file the document, but took the document to Kevin Waldo. Kevin Waldo stated that because his court was not

set up for telephonic or ZOOM conferencing for hearings, he would not permit the Motion to be filed.

23. DECASTRO was later informed by a city of Ironton employee that DECASTRO had been "set-up" at the hearing where new bond restrictions were imposed. Plaintiff was told that the prosecutor and Judge Kevin Waldo had agreed to revoke Plaintiff's bond at the next hearing and hold him until they could schedule a trial due to the alleged violations of the new bond restrictions, i.e. not coming within 1000 feet of the named officer/defendants.

24. The criminal case related to the unlawful arrest is still ongoing as of the date of filing of this First Amended Complaint.

## IV. CAUSES OF ACTION

### CAUSE 1

### (42 U.S.C. § 1983; Violation of 4th Amendment)

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 24 above and incorporates the same as if set forth in full.

26. Defendants WAGNER, SPOLJARIC, BLANKENSHIP, MCKNIGHT, and FOUCH knew or should have known that they failed to comply with the state of Ohio peaceful protest statutes, policies, and procedures when they encountered plaintiff on 3/29/22. Instead of directing and escorting plaintiff out of the building per the statutes, these defendants chose to make an arrest lacking probable cause in order to violate Plaintiff DECASTO's constitutionally protected rights and to deter him from future exercises of the same.

27. Defendants also searched the contents of DECASTRO's cell phone without a warrant and damaged it in the process.

28. As a direct and proximate consequence of the acts of these defendants, DECASTRO has suffered and continues to suffer a violation of his 4th Amendment right and injury therefrom and is entitled to recover damages accordingly.

## CAUSE 2
### (42 U.S.C. § 1983; 14th Amendment Violation- Due Process)

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 28 above and incorporates the same as if set forth in full.

30. All Defendants knew or should have known that it is unlawful and constitutionally violative to withhold a citizen's personal property, when not contraband, without due process of law.

31. Despite having this knowledge, DECASTRO's subject iPhone 12 Max Pro has been withheld by the Defendants without due process of law and thereby violated Plaintiff's rights relating to the 14tht Amendment.

32. As a direct and proximate consequence of the acts of these Defendants, DECASTRO has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 3
### (42 U.S.C. § 1983; Violation of 1st Amendment)

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 32 above and incorporates the same as if set forth in full.

34. In retaliation for exercising his First Amendment and in order to impede, stop, or otherwise deter DECASTRO from filming local public officials, conducting and recording interviews, and other investigatory filming in Ironton the Defendants unlawfully arrested him, searched and damaged his Iphone and are proceeding with a malicious prosecution of DECASTRO.

35. As a direct and proximate consequence of the acts of these Defendants, DECASTRO has suffered and continues to suffer a violation of his 1st Amendment right and injury therefrom and is entitled to recover damages accordingly.

## CAUSE 4
### (42 U.S.C. Sec. 1983 - Monell claim against Defendants in their Official Capacity)

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 35 above and incorporate the same as if set forth in full.

37. The Defendants, through their official capacity promulgated the custom practice or policies which enables officers like the defendants to target proponents of First Amendment protected activities, i.e. recording public officials in the city of Ironton and arrest them, unlawfully search, seize and permanently damage recording devices to deter said protected activities.

38. As a direct and proximate consequence of the acts of these Defendants, DECASTRO has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this honorable court find that each and every defendant has violated his rights as described.

Plaintiff prays for relief against Defendants, jointly and severally, as follows:

   a. Enter judgment against each and every defendant individually named and find them jointly and severally liable;

b. Find that the Plaintiff is the prevailing party in this case and award attorney's fees and costs, according to federal law, as noted against all defendants.

c. Award general and actual damages against all named defendants jointly and severally in their respective individual capacities;

d. Award punitive and exemplary damages against all named defendants jointly and severally in the amount of $1,000,000.00, so as prevent any similar type of deprivation of rights in the future against any other citizen similarly situated.

e. And grant such other and further relief as appears reasonable and just, to which Plaintiff shows himself entitled.

DEMAND FOR TRIAL BY JURY REQUESTED HEREIN

I, JOSE MARIA DECASTRO, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATED this 14th day of September, 2022.

*Jose Maria DeCastro*

Jose Maria DeCastro, *Pro Se*
1258 Franklin Street
Santa Monica, CA 90404
(310) 963-2445
Email: iamalaskan@gmail.com

Exhibit 1

DECASTRO's video of the 3/29/22 arrest – held on Thumb drive 'A' attached

Exhibit 2

DECASTRO's 4/3/22 Formal Demand for Return of Property



```
ORIGIN ID:FOLA  (310) 963-2445         SHIP DATE: 14SEP22
JOSE DECASTRO                          ACTWGT: 0.25 LB
                                       CAD: 6802661/SSF02322
1258 FRANKLIN ST
SANTA MONICA, CA 90404                 BILL CREDIT CARD
UNITED STATES US
  TO OFFICE OF THE CLERK
     POTTER STEWART US COURTHOUSE
     100 EAST FIFTH STREET
     ROOM 103
     CINCINNATI OH 45202
  (000) 000-0000          REF:
                                 DEPT:
```




FedEx Express

THU – 15 SEP 10:30A
PRIORITY OVERNIGHT

TRK# 2779 9085 1470
[0201]



**XN LUKA**           45202
                     OH-US  CVG



Align top of FedEx Express® shipping label here.

