Dawn M. Frick, Esq. * (0069068)
SURDYK, DOWD & TURNER CO., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
dfrick@sdtlawyers.com

Katherine F. Parks, Esq.
Nevada Bar No. 6227
THORNDAL ARMSTRONG, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Tel:  (775) 786-2882
kfp@thorndal.com
*Attorneys for Pam Wagner, Brad Spoljaric,
Chance Blankenship, Evan McNight, Robert Fouch,
and the City of Ironton, Ohio*

* Pro hac vice application pending

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| **JOSE MARIA DECASTRO,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**EVAN MCKNIGHT, ET AL.,**<br><br>    **Defendants.** | Case No.    2:24-cv-00435-DJA<br><br>**DEFENDANTS PAM WAGNER, BRAD SPOLJARIC, CHANCE BLANKENSHIP, EVAN MCKNIGHT, ROBERT FOUCH, AND THE CITY OF IRONTON, OHIO'S MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE** |

Now come Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, and the City of Ironton, Ohio ("the Ironton Defendants"), by and through counsel, and hereby move this Honorable Court for an Order dismissing all of Plaintiff's claims against them, pursuant to Fed.R.Civ.P. 12(b), for lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process and failure to state a claim upon which

1 | relief can be granted; or, in the alternative, for an Order transferring this case to a proper venue.
2 | The Ironton Defendants' arguments in support of this request are set forth more fully herein.

DATED this 26th day of March, 2025.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Dawn M. Frick (0069068)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
dfrick@sdtlawyers.com

THORNDAL ARMSTRONG, PC

*/s/ Katherine Parks*
KATHERINE F. PARKS, ESQ.
Nevada Bar No. 6227
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
*Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio*

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Jose DeCastro ("Plaintiff"), proceeding pro se, filed his Complaint in the instant case on March 4, 2024. The Complaint names the following Defendants: Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, City of Ironton ("the Ironton Defendants"), as well as John Chapman, the Lawrence County Commissioners ("the Lawrence County Defendants"), and John Does 1-10. The Complaint contains 234 paragraphs setting forth 25 separate claims. Despite its length, the claims all generally relate to Plaintiff's arrest for trespass on March 29, 2022, at Ironton City Hall. *See* Doc. 1, p. 29.

Although filed on March 4, 2024, Plaintiff did not even attempt to serve the Complaint until March 5, 2025. (Docs. 14 and 15), after this Court issued its Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Doc. 13. Thereafter, Plaintiff attempted service on some of the Ironton Defendants on March 5, 2025. Doc. 15, pp. 3-8. The Proofs of Service filed by Plaintiff only show that attempts at service were made on the City of Ironton, Ironton City Police Department (which is not a Defendant and not sui juris)[1] and Evan McKnight. (Docs. 14 and 15.)

In his Complaint, Plaintiff alleges that he was in Ironton City Hall shortly before 5:00 pm when the lights to the lobby were turned off. *Id.* at p. 31. Plaintiff was then approached by Ironton police officers who arrested him for trespass. *Id.* at p. 33. The officers took Plaintiff's cell phone when he was arrested. *Id.* at p. 34. After being released from jail, Plaintiff filed a complaint for replevin for the return of his cell phone. *Id.* at p. 38. Following the replevin hearing, Plaintiff's cell phone was returned to him. Plaintiff alleges it was returned in a damaged state. *Id.* at p. 40. Plaintiff now brings constitutional claims against the Ironton Defendants related to his arrest and the alleged damage to his cell phone.

---

[1] In Ohio, it is well settled that police departments are not *sui juris*; they are merely sub-units of the municipalities they serve. *Jones v. Marcum*, 197 F.Supp.2d 991, 997 (S.D.Ohio 2002), citing *Williams v. Dayton Police Dept.*, 680 F.Supp. 1075, 1080 (S.D.Ohio 1987); *Johari v. City of Columbus Police Dept.*, 186 F.Supp.2d 821, 825 (S.D.Ohio 2002) (holding that the police department lacks capacity to be sued because "the Division of Police is an administrative vehicle by which the city operates and performs its functions."); see also *Wayment v. Holmes*, 112 Nev. 232, 238, 912 P.2d 816, 819 (1996) (In the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." Citing 64 C.J.S. *Municipal Corporations* § 2195 (1950) (footnotes omitted)

1    Notwithstanding the claims in the instant case, however, Plaintiff previously filed suit
2  against the Ironton Defendants in the Southern District of Ohio, in *Decastro v. Wagner*, No.
3  1:22-CV-204, 2023 U.S. Dist. LEXIS 135625 (S.D. Ohio Aug. 3, 2023). In that case, Plaintiff
4  alleged in March 2022 he was at the Ironton City Hall when, shortly before 5:00 pm, a city
5  employee announced that the building was closing and would be locked. *Id.* at *2. After the
6  building was closed but before Plaintiff was able to leave, the Ironton Defendants approached
7  Plaintiff, and he was subsequently arrested and charged with trespass. *Id.* Plaintiff alleged that
8  his cellphone was returned to him damaged. *Id.* Plaintiff brought constitutional claims against the
9  Ironton Defendants and the Lawrence County Defendants related to his arrest and the allegation
10 that his cell phone was damaged.
11   Importantly, the court in *Decastro v. Wagner*, No. 1:22-CV-204, 2023 U.S. Dist. LEXIS
12 135625 (S.D. Ohio Aug. 3, 2023) granted a judgment on the pleadings for the Ironton
13 Defendants, finding that Plaintiff had failed to state a claim against them. *Id.* at *10. The
14 Southern District of Ohio found that there was probable cause to arrest Plaintiff for trespassing.
15 The Southern District of Ohio also found that there was no support in the record for Plaintiff's
16 claim that his cell phone was damaged, based on a municipal court order from the replevin
17 hearing reflecting that the cell phone had been returned and that "no evidence was presented as
18 to any damages." *Id.* at *8.
19   When Plaintiff filed a motion for reconsideration, that motion was denied. *Decastro v.*
20 *Wagner*, No. 1:22-CV-204, 2023 U.S. Dist. LEXIS 183440 (S.D. Ohio Sep. 26, 2023). When
21 Plaintiff appealed to the Sixth Circuit Court of Appeals, the Southern District of Ohio's decision
22 was affirmed. *DeCastro v. Wagner*, No. 23-3808, 2024 U.S. App. LEXIS 15425, at *1 (6th Cir.
23 June 25, 2024). Notwithstanding, Plaintiff has now filed suit in this Court based on the same
24 factual allegations which were previously decided in the Ironton Defendants' favor.
25   In the instant case, Plaintiff's claims are barred by the doctrine of res judicata and thus
26 Plaintiff has failed to state a claim upon which relief could be granted and the Ironton
27 Defendants are entitled to a dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Furthermore, the
28 Ironton Defendants are entitled to a dismissal of Plaintiff's claims because the Court lacks

1  personal jurisdiction over the Ironton Defendants, there has been insufficient service of process,
2  and Plaintiff has brought this action in an improper venue.
3  **II.     LAW AND ARGUMENT**
4          **A.  Legal Standard**
5          When evaluating a motion to dismiss for failure to state a claim under Fed.R.Civ.P.
6  12(b)(6), the court reads the complaint in the light most favorable to the non-moving party.
7  O*dom v. Microsoft Corp*., 486 F.3d 541, 545 (9th Cir. 2007).  Allegations in the complaint,
8  together with reasonable inferences therefrom, are assumed to be true for purposes of the motion.
9  *Id.* Dismissal is proper where it appears beyond doubt that the plaintiff can prove no set of facts
10 in support of his claim which would entitle him to relief. *Id.*
11         When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule
12 of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may
13 properly exercise personal jurisdiction over the defendant. *Pebble Beach Co. v. Caddy,* 453 F.3d
14 1151, 1154 (9th Cir. 2006). Where a court decides such a motion without an evidentiary hearing,
15 the plaintiff must make a *prima facie* showing of jurisdictional facts to withstand the motion to
16 dismiss. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *Doe v. Unocal Corp.*, 27 F.
17 Supp. 2d 1174, 1181 (C.D. Cal. 1998), *aff'd*, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of
18 the facts is taken as true for purposes of the motion if not directly controverted, and conflicts
19 between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding
20 whether a prima facie case for personal jurisdiction exists. *AT & T v. Compagnie Bruxelles*
21 *Lambert*, 94 F.3d 586, 588 (9th Cir. 1996); *Unocal*, 27 F. Supp. 2d at 1181.
22         Federal Rule of Civil Procedure 12(b)(3) allows a party to file a motion to dismiss for
23 improper venue. Plaintiff bears the burden of establishing that venue is proper. *Piedmont Label*
24 *Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979). When deciding a motion to
25 dismiss for improper venue, the court is not required to accept the allegations in complaint as
26 true and may consider facts outside the pleadings. *Doe 1 v. AOL, LLC,* 552 F.3d 1077, 1081 (9th
27 Cir. 2009). When venue is challenged, the court must determine whether the case falls within one
28 of the three categories set out in 28 U.S.C. 1391(b). *Alt. Marine Const. Co. v. U.S. Dist. Ct. for*

1  *W. Dist. of Texas,* 571 U.S. 49, 56 (2013). "If it does, venue is proper; if it does not, venue is
2  improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)" to any
3  district in which it could have been brought. *Id.*

4        **B. Plaintiff has failed to state a claim upon which relief can be granted.**

5      The Ironton Defendants are entitled to dismissal of Plaintiff's claims because the claims
6  are barred by res judicata, and thus Plaintiff can prove no set of facts that would entitle him to
7  relief. Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes
8  the parties or their privies from relitigating issues that ***were or could have been raised*** in that
9  action" even if that judgment "may have been wrong or rested on a legal principle subsequently
10 overruled in another case." *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011) quoting
11 *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L. Ed. 2d 103
12 (1981) (emphasis added). "The elements necessary to establish res judicata are: (1) an identity of
13 claims, (2) a final judgment on the merits, and (3) privity between parties." *Hells Canyon Pres.*
14 *Council v. United States Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005).

15     Whether there is an identity of claims turns on: (1) whether rights or interests established
16 in the prior judgment would be destroyed or impaired by prosecution of the second action; (2)
17 whether substantially the same evidence is presented in the two actions; (3) whether the two suits
18 involve infringement of the same right; and (4) whether the two suits arise out of the same
19 transactional nucleus of facts. **The last of these criteria is the most important**. *Id.* at 690 citing
20 *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (Emphasis added.).

21     In the instant case, there has been a final judgment on the merits of claims previously
22 brought by Plaintiff against the Ironton Defendants. *See DeCastro v. Wagner,* No. 23-3808, 2024
23 U.S. App. LEXIS 15425 (6th Cir. June 25, 2024).[2] Crucially, Plaintiff's claims in that case arose
24 out of the same transactional nucleus of facts on which Plaintiff bases his claims in this case.
25 Accordingly, there is an "identity of claims" along with a final judgment on the merits and

26
27
28 [2] In addition, certain allegations alleged in Plaintiff's Complaint also arise out of another case brought in the Common Pleas Court of Lawrence County, Ohio, *Jose DeCastro v. Ironton Police Department, et al.*, Case No. 22-OC-178, which was dismissed for failure to prosecute on July 27, 2022.

4

1   privity of parties to establish res judicata and thus the Ironton Defendants are entitled to
2   judgment as a matter of law.
3         Despite Plaintiff's lengthy Complaint, the actual causes of actions raised by Plaintiff all
4   arise from Plaintiff's arrest on March 29, 2022, and the return of Plaintiff's cell phone by Ironton
5   police after Plaintiff was released from jail. Plaintiff takes issue with his arrest and claims that
6   his cell phone was returned to him damaged. Notably, Plaintiff's claims in *DeCastro v. Wagner,*
7   No. 23-3808, 2024 U.S. App. LEXIS 15425 (6th Cir. June 25, 2024) also arose from Plaintiff's
8   arrest on March 29, 2022, and the allegation that Plaintiff's phone was returned to him damaged.
9   *Id.* at *2. The transactional nucleus of facts giving rise to *DeCastro v. Wagner, supra* and the
10  instant case are one and the same, and thus there is an "identity of claims" between the instant
11  case and the prior action. In fact, Plaintiff's Complaint in this matter includes the same claims as
12  *DeCastro v. Wagner*, including allegations of violations of the 4th Amendment, 14th Amendment,
13  1st Amendment, and *Monell* claims against the City of Ironton. Although the Complaint in this
14  matter adds additional causes of action, not only do they arise out of the same transaction or
15  occurrence but they could have been raised in the prior case. *See* Doc. 1, 19-1, and 19-2.
16        Thus, because Plaintiff's claims in this case are based on the same facts that were already
17  decided by the Southern District Court of Ohio and affirmed by the Sixth Circuit Court of
18  Appeals in *DeCastro v. Wagner,* No. 23-3808, 2024 U.S. App. LEXIS 15425 (6th Cir. June 25,
19  2024), Plaintiff's claims are barred by res judicata, and he has failed to state a claim upon which
20  relief can be granted.
21        **C.  The Court lacks personal jurisdiction over the Ironton Defendants.**
22        The Ironton Defendants are further entitled to dismissal of Plaintiff's claims pursuant to
23  Fed.R.Civ.P. 12(b)(2) because the allegations fail to plausibly establish that the Court has
24  personal jurisdiction over them. In opposing a defendant's motion to dismiss for lack of personal
25  jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper.
26  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) citing *Boschetto*
27  *v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).
28

5

It is well established that the Fourteenth Amendment's Due Process Clause limits the power of a state's courts to exercise jurisdiction over defendants who do not consent to jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2850, 180 L. Ed. 2d 796 (2011). Personal jurisdiction over out-of-state defendants can be attained under two primary frameworks: general jurisdiction and specific jurisdiction. "Specific jurisdiction," exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). "General jurisdiction" exists where the defendant's contacts with the forum state are "so constant and pervasive as to render it essentially at home." *Id.*

Additionally, the court's jurisdiction must comply with the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have "minimum contacts" with the forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Ayla, Ltd. Liab. Co. v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021). The analysis often involves evaluating the defendant's contacts' longevity, continuity, volume, and economic impact within the forum state. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011). Finally, there must be valid service of process to exercise personal jurisdiction over a defendant. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986).

In the instant case, the Ironton Defendants are all located in the State of Ohio and all conduct is alleged to have occurred in the State of Ohio. The sole alleged basis for jurisdiction over the Ironton Defendants is that "the defamatory conduct of defendants outside this forum reached potential customers of Plaintiff in this forum." Doc. 1, p. 10. Essentially, Plaintiff is a self-described member of the press who broadcasts on a YouTube channel, and the sole alleged basis for personal jurisdiction over the Ironton Defendants is that some of Plaintiff's potential YouTube viewers are located in Nevada. This is simply insufficient to confer specific or general personal jurisdiction over the Ironton Defendants and does not comport with traditional notions of fair play and substantial justice. The Ironton Defendants are not alleged to have engaged in

any conduct within or directed to the forum state, and the allegations fail to plausibly demonstrate that the Ironton Defendants have any contacts, let alone "minimum contacts," with the State of Nevada. Furthermore, there has been insufficient service of process to confer personal jurisdiction over the Ironton Defendants. *See* § II. D, below.

Accordingly, the Ironton Defendants respectfully request the Court to dismiss Plaintiff's claims for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

### D.  There has been insufficient service of process on the Ironton defendants.

The Ironton Defendants are entitled to dismissal pursuant to Fed.R.Civ.P. 12(b)(5) because there has been insufficient service of process on the Ironton Defendants. Fed.R.Civ.P. 4(e) authorizes service of process to be made on a nonresident defendant in the manner prescribed by statute of the forum state. Nevada's long-arm statute, NRS 14.065, prescribes that personal service shall suffice, the service to be made by delivering a copy of the summons, together with a copy of the complaint, <u>to the party served</u>. (Emphasis added.) The legislative purpose is to make certain that the out-of-state defendant receives actual notice of the litigation, as is required by due process. *Campbell v. Gasper*, 102 F.R.D. 159, 161 (D. Nev. 1984). Additionally, N.R.C.P. 4.3 provides:

> **Service Outside Nevada but Within the United States.**
>
> **(1) Serving Individuals.** A party may serve process outside Nevada, but within the United States, in the same manner as provided in Rule 4.2(a) for serving such a defendant within Nevada, or as prescribed by the law of the place where the defendant is served.
> \*\*\*
> **(4) Serving Another, State or Territory.** Service upon another state or territory, its public entities and political subdivisions, and their officers and employees may be made in the manner prescribed by that state's or territory's law for serving a summons or like process on such a defendant.

Thus, as to the Individual Ironton Defendants and pursuant to N.R.C.P. 4.2(a), each should have received a copy of the summons and complaint personally, or at their dwelling or usual place of abode or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. As to the City of Ironton, the summons and complaint were required to be served "to its chief executive officer" (Fed.R.Civ. P. 4(j)(2)(A)) or by serving "the officer responsible for the administration of the office, department, agency,

7

1   authority, institution, or unit or by serving the city solicitor or comparable legal officer." Ohio R.
2   Civ. P. 4.2(N).
3         In this case, there has been insufficient service of process because none of the Ironton
4   Defendants have been served. Instead, service was made on "Terri – Mayor's Secretary" and
5   "Officer Corey Allison." Doc. 14 and 15. Plaintiff did not actually serve any of the Ironton
6   Defendants but merely left a copy of the summons and complaint with a secretary and another
7   police officer, neither of whom are parties to this lawsuit. Due to the insufficient service, the
8   Court lacks personal jurisdiction over the Ironton Defendants and Plaintiffs claims must be
9   dismissed. *Butcher's Union Local No. 498*, 788 F.2d at 538.

10         **E.  This Court is an improper venue for Plaintiff's claims.**
11         The Ironton Defendants are further entitled to dismissal pursuant to Fed.R.Civ.P. 12(b)(3)
12   because this Court is an improper venue for Plaintiff's claims. A civil action may be brought
13   in—(1) a judicial district in which any defendant resides, if all defendants are residents of the
14   State in which the district is located; (2) a judicial district in which a substantial part of the
15   events or omissions giving rise to the claim occurred, or a substantial part of property that is the
16   subject of the action is situated; or (3) if there is no district in which an action may otherwise be
17   brought as provided in this section, any judicial district in which any defendant is subject to the
18   court's personal jurisdiction with respect to such action. 28 U.S.C. 1391(b). In considering a
19   motion to dismiss for improper venue, a court is not required to accept the pleadings as true and
20   may consider facts outside the pleadings. *Jasper v. Martinez*, No. 2:17-cv-03026-GMN-VCF,
21   2018 U.S. Dist. LEXIS 141582, at *3 (D. Nev. Aug. 21, 2018) citing *Doe 1 v. AOL, LLC*, 552
22   F.3d 1077, 1081 (9th Cir. 2009) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 323 (9th
23   Cir. 1996)).
24         In this case, all Defendants are alleged to reside in the State of Ohio. Doc. 1, pp. 3-8. The
25   allegations of conduct are alleged to have occurred in Ironton, Ohio, which lies outside this
26   judicial district. *See Generally* Doc. 1. Thus, venue is improper pursuant to 28 U.S.C. 1391(b)(1)
27   and (2). Furthermore, Ironton, Ohio is located within the Southern District of Ohio, and thus
28

1  there is a district in which Plaintiff's action may otherwise be brought and this venue is improper
2  pursuant to 28 U.S.C. 1391(b)(3).
3       Although the Ironton Defendants maintain that Plaintiff's Complaint must be dismissed
4  for all of the reasons set forth above, in the alternative, this case should be transferred to the
5  proper venue in the Southern District of Ohio. "For the convenience of parties and witnesses, in
6  the interest of justice, a district court may transfer any civil action to any other district or division
7  where it might have been brought." *Martinez, supra* at \*3-4 citing 28 U.S.C. § 1404(a). "Under §
8  1404(a), the district court has discretion "to adjudicate motions for transfer according to an
9  'individualized, case-by-case consideration of convenience and fairness.'" *Id.* citing *Jones v.*
10 *GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org., Inc. v. Ricoh*
11 *Corp.*, 487 U.S. 22, 23, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)). Under 28 U.S.C. § 1406,
12 "[t]he district court of a district in which is filed a case laying venue in the wrong division or
13 district shall dismiss, or if it be in the interest of justice, transfer such case to any district or
14 division in which it could have been brought." *Id.* citing 28 U.S.C. § 1406(a); see also
15 *Depasquale v. Butcher*, No. 2:15-cv-1129-RCJ-GWF, 2016 U.S. Dist. LEXIS 17991, 2016 WL
16 593527, at \*1 (D. Nev. Feb. 12, 2016) ("Where venue is lacking, a court must dismiss or
17 transfer. . . . This is the case whether or not there is personal jurisdiction over a defendant.").
18      Here there is no dispute that the Defendants are residents of Ohio and the City of Ironton,
19 as a political subdivision also resides in the Southern District of Ohio for venue purposes.
20 Furthermore, it is undisputed that the events giving rise to Plaintiff's claims occurred within the
21 Southern District of Ohio. Moreover, the Southern District of Ohio would have subject matter
22 jurisdiction over this action pursuant to 28 U.S.C. §1332.
23      Finally, the Supreme Court has instructed that a transferor court "adjudicate motions to
24 transfer according to an individualized, case-by-case consideration of convenience and fairness."
25 *Martinez, supra* at \*8 citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23, 108 S. Ct. 2239,
26 101 L. Ed. 2d 22 (1988) (internal quotation marks omitted). The Ninth Circuit courts weigh
27 multiple convenience and fairness factors to determine whether transfer would promote the
28 interest of justice including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). If this matter is to be litigated, again, in the interest of justice, it should be before the same court that addressed these claims previously. Moreover, the underlying alleged acts or omissions took place in Ohio and as to any state law claims, Ohio law should govern.

      Furthermore, although the third factor gives deference to a plaintiff's choice of venue, that deference is "substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Id.* (quoting *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006)). As to the fourth and fifth factors concerning the respective parties contacts with the forum and the contacts relating to this forum, as noted above, the Ironton Defendants are residents of Ohio and the acts and omissions alleged took place there. As to the sixth factor related to the costs between the two forums, although Plaintiff is alleged to reside in this forum all of the other parties reside in Ohio. Moreover, Plaintiff has previously filed multiple cases in Ohio, presumably without concern over costs. Finally, as to the seventh and eighth factors, the availability of compulsory process to compel unwilling witnesses and the greater access to sources of proof weigh in favor of transfer. While Plaintiff may claim some witnesses reside in Nevada, all Defendants reside in Ohio and the acts at issue took place in Ohio, therefore more witnesses and greater access to proof would be in Ohio. Thus, the *Jones* factors indicate that litigating the case in Ohio would serve the interests of justice.

      Accordingly, the Ironton Defendants respectfully request the Court to dismiss Plaintiff's claims against them due to this Court being an improper venue; or, alternatively, to transfer Plaintiff's claims to the proper venue which is the Southern District of Ohio.

### III. <u>CONCLUSION</u>

In light of the foregoing, the Ironton Defendants respectfully request that this Court grant their Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and dismiss all of Plaintiff's claims against them, with prejudice; or, in the alternative, transfer Plaintiff's claims to the proper venue—the Southern District of Ohio, Western Division in Cincinnati, Ohio.

DATED this 26th day of March, 2025.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Dawn M. Frick (0069068)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
dfrick@sdtlawyers.com

THORNDAL ARMSTRONG, PC

*/s/ Katherine Parks*
KATHERINE F. PARKS, ESQ.
Nevada Bar No. 6227
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
*Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and that on this date I caused the foregoing DEFENDANTS PAM WAGNER, BRAD SPOLJARIC, CHANCE BLANKENSHIP, EVAN MCKNIGHT, ROBERT FOUCH, AND THE CITY OF IRONTON, OHIO'S MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE to be served on all parties to this action by:

  X    United States District Court CM/ECF system

_____ personal delivery/Reno Carson Messenger Service

_____ electronic means (facsimile or electronic mail)

_____ Federal Express/UPS or other overnight delivery

fully addressed as follows:

Cassaundra L. Sark, Esq.
Lambert Law Office
215 South 4th Street
Ironton, Ohio 45638
*Attorney for Defendants*
*John Chapman and the Lawrence County Commissioners*

and by placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada, fully addressed as follows:

Jose DeCastro
1258 Franklin Street
Santa Monica, CA  90404
*Pro Per Plaintiff*

DATED this 26th day of March, 2025.

/s/ Laura Bautista
An employee of Thorndal Armstrong, PC