UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSE DECASTRO,

Plaintiff,

v.

CITY OF IRONTON, MCKNIGHT, SPOLJARIC, WAGNER, BLANKENSHIP, FOUCH, CHAPMAN, and JOHN DOES 1 THROUGH 5,

Defendants.



Case No. 2:24-cv-00435-DJA

OPPOSITION TO DEFENDANTS MOTION TO DISMISS (DOC 22)

I. RES JUDICATA DOES NOT BAR PLAINTIFFS CLAIMS

1. Defendants argue that Plaintiffs claims are barred by res judicata based on prior litigation. This argument fails for several reasons.

2. First, the factual basis for Plaintiffs current claims is distinct. The claims asserted in this case arise from separate events occurring after the events at issue in any prior action. Specifically, Plaintiff challenges an arrest that occurred at approximately 5:01 PM while peacefully livestreaming inside a public building, without warning or opportunity to exit. These factual allegations are new and form an independent basis for relief.

3. Second, no final judgment on the merits has been entered regarding the claims asserted here. Where a prior case is dismissed without addressing the substance of the claims, res judicata does not apply. Dismissals that are procedural, jurisdictional, or voluntary do not operate as an adjudication on the

merits.

4. Third, even if some overlap of parties or issues existed, the legal claims in this case are different. Plaintiff asserts violations of the First Amendment (retaliatory arrest), Fourth Amendment (unlawful seizure), and municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978). These theories were neither raised nor adjudicated in prior litigation.

5. Accordingly, res judicata does not bar Plaintiffs claims, and Defendants' motion should be denied on this ground.

II. PERSONAL JURISDICTION AND VENUE ARE NOT GROUNDS FOR DISMISSAL

6. Defendants argue that the Court lacks personal jurisdiction over them and that venue is improper. Even if the Court finds that jurisdiction or venue is lacking, dismissal is not appropriate. Instead, transfer is the correct remedy.

7. First, federal law favors transfer over dismissal when jurisdiction or venue issues arise. Under 28 U.S.C. 1406(a), when a case is filed in the wrong district, "the court shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Transfer is particularly favored where dismissal would prejudice a pro se litigant by preventing the claims from being heard.

8. Second, dismissal based on lack of personal jurisdiction or improper venue is not a dismissal "on the merits" and therefore cannot support application of res judicata principles. Federal Rule of Civil Procedure 41(b) states:

9. "Unless the dismissal order states otherwise, a dismissal for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 operates without prejudice."

10. Thus, even if jurisdiction or venue is found improper here, Plaintiff's claims are not barred, and the proper remedy would be transfer, not dismissal.

11. Third, Plaintiff respectfully asserts that exercising jurisdiction is appropriate. Defendants knew or should have known that their actions would have effects reaching beyond Ohio, particularly given

Plaintiffs national public platform, including his activities in Nevada. However, should the Court determine jurisdiction is lacking, Plaintiff requests transfer to the Southern District of Ohio rather than dismissal.

12. Accordingly, Defendants' arguments based on personal jurisdiction and venue should be denied, or in the alternative, the case should be transferred.

### III. PLAINTIFF HAS STATED PLAUSIBLE CLAIMS FOR RELIEF

13. Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted. This argument is without merit.

14. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8(a). The complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

15. Plaintiffs Complaint satisfies this standard. Plaintiff alleges, with sufficient specificity, that Defendants unlawfully arrested him while he was peacefully livestreaming inside a public building, without any dispersal order or opportunity to exit, thereby violating his rights under the First and Fourth Amendments. Plaintiff further alleges that these actions were taken under color of state law, supporting a Monell claim against the municipality.

16. Plaintiff identifies: the nature of the constitutional violations (First Amendment retaliation and Fourth Amendment unlawful arrest); the individuals involved (naming specific Defendants); the specific conduct giving rise to the claims (arrest at 5:01 PM during peaceful activity); and the injuries suffered as a result (loss of liberty, chilling of speech).

17. At the motion to dismiss stage, the Court must accept all factual allegations as true and draw all reasonable inferences in Plaintiffs favor. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

18. Accordingly, Plaintiffs allegations more than adequately state plausible claims for relief, and Defendants Motion to Dismiss should be denied on this ground as well.

## IV. PRAYER FOR RELIEF

19. WHEREFORE, Plaintiff respectfully requests that this Court:

20. Deny Defendants Motion to Dismiss in its entirety;

21. Alternatively, if the Court finds jurisdiction or venue improper, transfer this case to the Southern District of Ohio rather than dismissing it;

22. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Jose DeCastro

Pro Se Plaintiff

1258 Franklin Ave.

Santa Monica, CA 90404

iamalaskan@gmail.com

(310) 963-2445

Dated: April 27, 2025

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOSE DECASTRO,

Plaintiff,

v.

CITY OF IRONTON, MCKNIGHT, SPOLJARIC, WAGNER, BLANKENSHIP, FOUCH, CHAPMAN, and JOHN DOES 1 THROUGH 5,

Defendants.

Case No. 2:24-cv-00435-DJA

CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2025, I served a true and correct copy of the foregoing Opposition to Defendants Motion to Dismiss by United States Mail, First Class, postage prepaid, addressed as follows:

Dawn M. Frick, Esq.

Surdyk, Dowd & Turner Co., L.P.A.

8163 Old Yankee Street, Suite C

Dayton, OH 45458


Katherine F. Parks, Esq.

Thorndal Armstrong, PC

6590 S. McCarran Blvd., Suite B

Reno, NV 89509


Lambert Law Offices

215 S. 4th Street, Ironton, OH 45638

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOSE DECASTRO,     Case No. 2:24-cv-00435-DJA

Plaintiff,

v.

CITY OF IRONTON, MCKNIGHT, SPOLJARIC, WAGNER, BLANKENSHIP, FOUCH, CHAPMAN, and JOHN DOES 1 THROUGH 5,

Defendants.

Respectfully submitted,

Jose DeCastro

Pro Se Plaintiff

1258 Franklin Ave.

Santa Monica, CA 90404

iamalaskan@gmail.com

(310) 963-2445