UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | CASE NO. 2:24-cv-00435-DJA |
| | : | |
| Plaintiff, | : | MAGISTRATE JUDGE DANIEL J. |
| | : | ALBREGTS |
| v. | : | |
| | : | REPLY IN SUPPORT OF DEFENDANTS |
| EVAN MCKNIGHT, ET AL., | : | PAM WAGNER, BRAD SPOLJARIC, |
| | : | CHANCE BLANKENSHIP, EVAN |
| Defendants. | : | MCKNIGHT, ROBERT FOUCH, AND |
| | : | THE CITY OF IRONTON, OHIO'S |
| | : | MOTION TO DISMISS OR IN THE |
| | : | ALTERNATIVE TRANSFER VENUE |
| | : | (Doc. 22) |

Now come Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, and the City of Ironton, Ohio ("the Ironton Defendants"), by and through their undersigned counsel, and hereby submit their Reply in Support of their Motion to Dismiss ("Motion") (Doc. 22). Plaintiff's Response in Opposition to Defendants' Motion to Dismiss ("Response") (Doc. 30) fails to show that even taking the allegations in the Complaint as true that Plaintiff is entitled to relief on all of Plaintiff's claims. Accordingly, this Court should grant Defendants' Motion and dismiss all of Plaintiff's claims with prejudice.

I. **Plaintiff Has Not Demonstrated That His Complaint Includes a Claim Upon Which Entitles Him to Relief**

All of Plaintiff's claims in the Complaint in this matter are barred by res judicata or claim preclusion because they have been previously litigated or could have been raised in his prior action in the Southern District of Ohio against the Ironton Defendants. "A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6)." *Semas v. Chemetall US, Inc.*, No. 3:19-CV-00125-CLB, 2024 U.S. Dist. LEXIS 172049, at *15-16 (D. Nev. Sep. 24, 2024 citing Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984)).

1

"The related doctrines of claim and issue preclusion, by precluding parties from contesting matters that they have had a full and fair opportunity to litigate, protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Semas, supra*, at *15 (D. Nev. Sep. 24, 2024) citing *Media Rights Technologies, Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 (9th Cir. 2019) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008)) (cleaned up). "Claim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised *or could have been raised* in a prior action. *Hilliard v. Murphy Land Co., Ltd. Liab. Co.*, Nos. 22-35129, 22-35199, 22-35495, 2023 U.S. App. LEXIS 4632, at *3-4 (9th Cir. Feb. 27, 2023) Claim preclusion 'applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties.'" *Id.* citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009), *as amended on denial of reh'g and reh'g en banc* (Jan. 6, 2010) (emphasis added) (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)). Here, Plaintiff generally only disputes the second element: whether the prior case resulted in a final judgment on the merits even though the district court dismissed the first case with prejudice. *Id.* at *4 citing *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) ("Final judgment on the merits is synonymous with dismissal with prejudice.") (cleaned up.)  However, all of Plaintiff's arguments against *res judicata* are misplaced.

The claims asserted in this case arise from the same events and circumstances as the prior action—Plaintiff's arrest on March 22, 2022. (Docs. 3, 19-1, 19-2 and 19-3); see also *DeCastro v. Wagner*, No. 23-3808, 2024 U.S. App. LEXIS 15425, at *12 (6th Cir. June 25, 2024).[1]  In both

---

[1] Courts "may take judicial notice of undisputed matters of public record," including filings in federal or state courts. *Semas v. Chemetall US, Inc.*, No. 3:19-CV-00125-CLB, 2024 U.S. Dist. LEXIS 172049, at *14 (D. Nev. Sep. 24, 2024) *citing Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

cases, Plaintiff purports to challenge his arrest that day. (Docs. 1, Pg. 29-35; Doc. 30, Pg. 1; Docs. 19-2.) Plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the Defendants not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986). In this instance, Plaintiff cannot reasonably argue that the facts and allegations in this case do not arise out of the same incident litigated in Ohio.

Additionally, in the prior suit in Ohio, there was a final judgment on the merits. On August 3, 2023, the District Court in the Southern District of Ohio issued its Opinion & Order on the Motion for Judgment on the pleadings filed by Defendants Chance Blankenship, Robert Fouch, Evan McAKnight, Brad Spoljaric, Pam Wagner and the City of Ironton. (Doc. 19-3). The District Court specifically addressed each of Plaintiff's claims under the Fourth, Fourteenth and First Amendment. (Id.) Thereafter, Plaintiff filed an Appeal of that decision to the Sixth Circuit Court of Appeals. The Court of Appeals upheld the District Court's decision. *DeCastro, supra* at *12 (6th Cir. June 25, 2024). Dismissal for failure to state a claim under Rule 12(b)(6) is considered a final judgment on the merits. *Evig, LLC v. Fantasy, Inc*., No. 2:24-cv-00349-GMN-DJA, 2025 U.S. Dist. LEXIS 58150, at *6 (D. Nev. Mar. 28, 2025) citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3, 101 S. Ct. 2424 (1981); *see also Nnachi v. City of San Francisco*, No. C 10-00714 MEJ, 2010 U.S. Dist. LEXIS 95750, 2010 WL 3398545, at *5-6 (N.D. Cal. 2010) (action dismissed for failure to state a claim serves as final judgment on the merits for res judicata purposes). Thus, claim preclusion applies.

Finally, Plaintiff does not dispute that both actions are against the same parties. Rather, Plaintiff attempts to argue that the legal claims are different. However, a cursory review of the claims in both actions reveals that they are the same. Moreover, res judicata precludes not only claims that were previously litigated but also claims that could have been raised in the prior action.

*Harvey v. O'Quinn*, 57 F. App'x 754, 755 (9th Cir. 2003) *citing Allen v. McCurry,* 449 U.S. 90, 94, 101 S. Ct. 411 (1980).  Because they arise out of the same incident, his May 22, 2022 arrest, any causes of action that were not brought in the prior action certainly could have been. Plaintiff has not identified any claims in this case that could not have been brought in the prior case between the parties.  As such, Plaintiff's claims are barred by claim preclusion and as such, should be dismissed under Fed. R. Civ. P. 12(b)(6).

## II.     Plaintiff Has Failed to Satisfy His Burden to Demonstrate that this Court May Properly Exercise Personal Jurisdiction Over the Ironton Defendants

Notwithstanding the foregoing, Plaintiff has failed to make a *prima facie* showing of personal jurisdiction. Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). *Juarez v. Harding*, No. 2:24-cv-00326-GMN-DJA, 2025 U.S. Dist. LEXIS 31460, at *2-3 (D. Nev. Feb. 21, 2025) Once a defendant raises the defense, the burden then falls on the plaintiff to prove sufficient facts to establish that jurisdiction is proper. *Id.* citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Id.* citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Thus, "[b]ecause Nevada's long-arm statute grants courts jurisdiction over persons 'on any basis not inconsistent with' the U.S. Constitution, the jurisdictional analyses under state law and federal due process are identical." *Id.* citing *Edwards v. Juan Martinez, Inc.*, 506 F. Supp. 3d 1061, 1068 (D. Nev. 2020); Nev. Rev. Stat. § 14.065. However, Plaintiff's Response makes no attempt to set forth sufficient facts to establish that jurisdiction in this Court is proper.

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Exom v. Brock & Scott,*

4

*PLLC*, No. 2:24-cv-00773-APG-EJY, 2025 U.S. Dist. LEXIS 11767, at *3 (D. Nev. Jan. 23, 2025) citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Plaintiff has failed to establish either. Specific jurisdiction depends on an "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011). In contrast with general jurisdiction, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (quotation omitted). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quotation omitted).

Plaintiff has not pled or argued that Defendants purposefully directed or consummated a transaction in Nevada; that Defendants' actions arouse out of related to any Nevada-related activities or that the exercise of personal jurisdiction would be reasonable. *Exom* at *4 citing *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017.) Additionally, nothing in Plaintiff's Complaint demonstrates that Defendants had constant or pervasive contact with Nevada to establish general jurisdiction. Rather, Plaintiff does nothing more than state that "Defendants knew or should have known that their actions would have effects reaching beyond Ohio." Such a bare bones claim is simply not sufficient to establish personal jurisdiction.

Moreover, Plaintiff's Response does not even address and does nothing to show that the Ironton Defendants were sufficiently or properly served. Thus, due to the insufficient service, the Court lacks personal jurisdiction over the Ironton Defendants and Plaintiffs claims must be dismissed. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986). As

was noted in their Motion, Defendants were not properly served pursuant to N.R.C.P. 4.2(a). Therefore, because there was insufficient service on the Ironton Defendants, despite multiple extensions to allow for such, Plaintiff's Complaint must be dismissed.

### III.     Plaintiff Has Not Satisfied His Burden to Establish that the Venue Is Proper

Finally, the Ironton Defendants are further entitled to dismissal pursuant to Fed.R.Civ.P. 12(b)(3) because this Court is an improper venue for Plaintiff's claims. When the propriety of venue is challenged by a Rule 12(b)(3) motion, Plaintiff bears the burden of establishing proper venue. *Harvey v. Gande*, No. 2:24-cv-00961-GMN-DJA, 2025 U.S. Dist. LEXIS 10097, at *2 (D. Nev. Jan. 17, 2025) citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Further, if a case is filed in the wrong division or district, the court must dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id. citing* 28 U.S.C. § 1406(a).

Plaintiff does not present any facts to satisfy his burden of establishing that this Court is the proper venue. Instead, Plaintiff only contends that if venue is improper than the case should be transferred. However, while this Court certainly can transfer venue, to do so would not be in the interest of justice due to all of the arguments set forth in Sections I and II, above. Primarily, that Plaintiff's claims are barred by res judicata.

### IV.     CONCLUSION

In light of the foregoing, and the arguments set forth in their Motion to Dismiss, the Ironton Defendants respectfully request that this Court grant their Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and dismiss all of Plaintiff's claims against them, with prejudice; or, in the alternative, transfer Plaintiff's claims to the proper venue—the Southern District of Ohio, Western Division in Cincinnati, Ohio.

DATED this 5th day of May, 2025

                                           Respectfully submitted,

                                           SURDYK, DOWD & TURNER CO., L.P.A.

                                           */s/ Dawn M. Frick*_____
                                           Dawn M. Frick (0069068)
                                           Admitted Pro Hac Vice
                                           8163 Old Yankee Street, Suite C
                                           Dayton, Ohio 45458
                                           (937) 222-2333, (937) 222-1970 (fax)
                                           dfrick@sdtlawyers.com
                                           *Trial Attorney for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record  and by placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada, fully addressed as follows:

Jose DeCastro
1258 Franklin Street
Santa Monica, CA 90404
*Pro Se Plaintiff*

                                           */s/ Dawn M. Frick*_____
                                           Dawn M. Frick (0069068)