UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO, | : |
| PLAINTIFF, | : Case No. 2:24-cv-00435-DJA |
| v. | : |
| EVAN MCKNIGHT, *et al.*, | : |
| DEFENDANTS. | : |

**LAWRENCE COUNTY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S NOTICE AND MOTION FOR LEAVE TO FILE LATE OPPOSITION TO LAWRENCE COUNTY DEFENDANTS' MOTION TO DISMISS**

On June 24, 2025, Defendants John Chapman and the Lawrence County Commissioners (collectively referred to as the "Lawrence County Defendants") filed a motion requesting this Court grant the aforesaid Defendants' Motion to Dismiss due to Plaintiff's failure to respond. (Doc. #: 35). Instead of responding to the aforesaid motion, Plaintiff filed a notice and motion for leave to file a late opposition to the Lawrence County Defendants' Motion to Dismiss. (Doc. #: 36).

After the Lawrence County Defendants' filed their Motion to Dismiss (Doc. #: 19), Plaintiff filed a motion requesting an extension of time to respond to the aforesaid motion (Doc. #: 27). This Court granted Plaintiff's motion and set the responsive deadline as May 12, 2025. (Doc. #: 28). Plaintiff acknowledges that he "did not file a document specifically titled as an opposition to the Lawrence County Defendants' Motion to Dismiss by the May 12, 2025 deadline." (Doc. #: 36). Instead, according to Plaintiff, he "filed a Sur-Reply in Opposition to Defendants' Reply in Support of Motion to Dismiss on May 13, 2025, and, after the Sur-Reply was initially stricken for lack of a motion, filed a Motion for Leave to File Sur-Reply on June 10, 2025, pursuant to Local Rule 7-2(b)." (Doc. #: 36). Plaintiff argues that the aforesaid filings "were intended to

1

address the arguments raised in Defendants' Reply, including new assertions regarding re judicata and jurisdictional issues." (Doc. #: 36).

Although Plaintiff argues that he filed a "sur-reply" to the Lawrence County Defendants' reply, the Lawrence County Defendants never filed a reply due to Plaintiff's failure to file a response in opposition to the Motion to Dismiss. The only response, filed by Plaintiff, occurred on April 30, 2025, and explicitly stated that it was in "opposition to Defendants['] motion to dismiss (Doc 22)" (Doc. #: 30, Page 1), which is the Motion to Dismiss filed by the City of Ironton Defendants.

Plaintiff repeatedly requests that his "sur-reply" serve as a response in opposition to the Lawrence County Defendants' Motion to Dismiss. However, as of today's date, the docket does not reflect Plaintiff's "sur-reply" because it was stricken due to Plaintiff's failure to comply with Local Rule 7-2(b). (Doc. #: 33). Although Plaintiff filed a Motion for Leave to file his sur-reply, it has not been granted. (Doc. #: 34). Therefore, Plaintiff's argument that the sur-reply "address[es] all substantive issues" and arguments raised by the Lawrence County Defendants is meritless.

Plaintiff claims that his failure to file a response to the Lawrence County Defendants' Motion to Dismiss was inadvertent and he has acted in "good faith." However, as explained above, his response filed on April 30, 2025, specifically stated that it was being filed in response to the City of Ironton Defendants' Motion to Dismiss by citing to the specific docket number. (Doc. #: 30, Page 1). Additionally, Plaintiff's Motion for Leave to File Sur-Reply acknowledges that the City of Ironton Defendants' filed their Motion to Dismiss on March 15, 2025 (Doc. #: 22), Plaintiff filed a response in opposition on March 30, 2025 (Doc. #: 27), and the City of Ironton Defendants filed their reply on April 10, 2025 (Doc. #: 31). (Doc. #: 34, Page 1). The Motion for Leave to File Sur-Reply never mentions the Motion to Dismiss filed by the Lawrence County Defendants. (Doc.

2

#: 34). Although Plaintiff now claims that the Sur-Reply was directed at the Lawrence County Defendants' Motion to Dismiss, his Motion for Leave states that "Plaintiff respectfully submits that the Sur-Reply is necessary to address new arguments raised by Defendants in their Reply that were not previously briefed […]." (Doc. #: 34, Page 1). Plaintiff cannot be referring to the Lawrence County Defendants because no reply was ever filed on behalf of the aforesaid Defendants.

Plaintiff's Notice and Motion for Leave further claims that a court "may consider the substance of filings, even if not styled as a formal opposition, where those filings address the arguments raised in the underlying motion." (Doc. #: 36). However, Plaintiff's Sur-Reply is not docketed, and Plaintiff only responded to the City of Ironton's Motion to Dismiss.

Lastly, Local Rule 6-1(a) provides that a motion "to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." Moreover, "[a] request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." LR 6-1(a). In this case, Plaintiff previously requested an extension of time to respond to the Lawrence County Defendants' Motion to Dismiss, which he failed to set forth in his current Notice and Motion for Leave. Additionally, the Notice and Motion for Leave fails to provide that Plaintiff's missed deadline was a result of excusable neglect.

Accordingly, the Lawrence County Defendants respectfully request this Court deny Plaintiff's Notice and Motion for Leave and grant the Motion requesting the Lawrence County Defendants' Motion to Dismiss be granted due to Plaintiff's failure to respond. Nonetheless, if this Court permits Plaintiff to utilize his "sur-reply" as a response in opposition to the Lawrence County

Defendants' Motion to Dismiss, the undersigned counsel respectfully requests time to file a reply in support of the Motion to Dismiss.

                                         Respectfully Submitted,

                                         /s/ Cassaundra L. Sark
                                         Cassaundra L. Sark (0087766)
                                         Lambert Law Office
                                         P.O. Box 725
                                         Ironton, OH 45638
                                         (740) 532-4333
                                         (740) 532-7341 – Fax
                                         *Counsel for Lawrence County Defendants*

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the Lawrence County Defendants' Response in Opposition to Plaintiff's Notice and Motion for Leave to File Late Opposition to Lawrence County Defendants' Motion to Dismiss was provided via the Court's electronic filing system (CM/ECF) on the 17th day of July 2025 and e-mailed and mailed, postage prepaid, via USPS to the following:

Jose DeCastro
1258 Franklin Street
Santa Monica, CA 90404
Iamalaskan@gmail.com

                                             /s/ Cassaundra L. Sark
                                             Cassaundra L. Sark (0087766)
                                             *Counsel for Lawrence County Defendants*