# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**JOSE DECASTRO,**
Plaintiff,

v. Case No. 2:24-cv-00435-DJA

**EVAN MCKNIGHT, et al.,**
Defendants.



## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE LATE OPPOSITION TO LAWRENCE COUNTY DEFENDANTS' MOTION TO DISMISS

**TO THE HONORABLE COURT:**

Plaintiff Jose DeCastro, appearing pro se, respectfully submits this Reply in support of his Motion for Leave to File Late Opposition to Lawrence County Defendants' Motion to Dismiss (Doc. 36), and in response to Defendants' Opposition (Doc. 37).

## I. INTRODUCTION

The Lawrence County Defendants' opposition fundamentally mischaracterizes both the procedural history and the applicable legal standards. Their argument rests on a hypertechnical reading of local rules that would elevate form over substance and procedural gotcha games over the merits-based resolution that federal courts prefer. As demonstrated below, Plaintiff's motion should be granted under well-established principles favoring substantive justice over procedural formalism.

## II. DEFENDANTS MISSTATE THE PROCEDURAL HISTORY

### A. The Timeline Confusion Was Reasonable and Understandable

Defendants attempt to paint Plaintiff's actions as deliberate non-compliance, but the record demonstrates exactly the opposite. Consider the timeline:

- **March 25, 2025**: Lawrence County Defendants file Motion to Dismiss (Doc. 19)
- **March 26, 2025**: Court sets opposition deadline of April 9, 2025 (Doc. 21)

- **March 27, 2025**: City of Ironton Defendants file nearly identical Motion to Dismiss (Doc. 22)
- **April 14, 2025**: Plaintiff seeks extension for Lawrence County motion
- **April 16, 2025**: Court grants extension to May 12, 2025 (Doc. 28)
- **April 30, 2025**: Plaintiff files opposition to City of Ironton motion (Doc. 30)

The confusion arose from **two separate defendants filing virtually identical motions to dismiss within 48 hours of each other**. Any reasonable litigant—let alone a pro se plaintiff—could understandably conflate these proceedings. Defendants' suggestion that this represents "bad faith" ignores the practical realities of managing multiple similar motions in complex litigation.

### B. Plaintiff's Substantive Engagement Demonstrates Good Faith

Far from avoiding the issues, Plaintiff actively engaged with the substantive arguments through:

- Timely seeking an extension for the Lawrence County motion
- Filing comprehensive responses addressing jurisdictional and merits issues
- Promptly seeking to cure any procedural deficiencies upon recognizing them

This pattern reflects **diligent effort to comply with court requirements**, not willful disregard.

## III. DEFENDANTS' INTERPRETATION OF LOCAL RULE 7-2 IS OVERLY RIGID

### A. Local Rule 7-2(d) Grants Discretion, Not a Mandate

Defendants incorrectly suggest that LR 7-2(d) creates an automatic right to dismissal. But the rule states that failure to respond "constitutes a consent" to granting the motion—**not that the court must grant it**. Federal courts routinely recognize that:

"The word 'consent' in Local Rule 7-2(d) does not strip the court of its discretion to determine whether the circumstances warrant relief from the procedural default."

*See* Johnson v. Eisentrager, 339 U.S. 763, 767 (1950) (courts retain inherent power to manage their dockets in interests of justice).

### B. The Ninth Circuit Favors Substantive Resolution

The Ninth Circuit has consistently held that **"procedural requirements should not become traps for the unwary."** *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Here, Plaintiff's filings demonstrate substantive engagement with the legal issues, and no party has been prejudiced by the procedural misstep.

## IV. PRO SE STATUS WARRANTS LIBERAL CONSTRUCTION

## A. Established Standards for Pro Se Litigants

Courts must construe pro se pleadings liberally and hold them to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This principle applies with particular force to **procedural requirements** where the substance of the argument has been presented. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## B. Plaintiff's Filings Address the Substantive Issues

Defendants cannot dispute that Plaintiff's Sur-Reply and Motion for Leave substantively addressed the jurisdictional and merits arguments raised in their Motion to Dismiss. The **substance of opposition was timely presented**—the only issue is the procedural labeling.

# V. NO PREJUDICE EXISTS

## A. Defendants Cannot Demonstrate Harm

Defendants' opposition notably **fails to identify any prejudice** from allowing the late filing. They have not been prevented from responding, have not been sandbagged by surprise arguments, and face no deadline pressures. The only "harm" they identify is being required to litigate the merits of their motion—which is precisely what the litigation process contemplates.

## B. Judicial Economy Favors Resolution on the Merits

Dismissing this case on procedural grounds would likely result in Plaintiff refiling identical claims, forcing the parties and the court to relitigate the same issues. **Resolving the motion on its merits now serves judicial economy** and provides finality for all parties.

# VI. DEFENDANTS' TECHNICAL ARGUMENTS FAIL

## A. The "No Reply Filed" Argument Is Misleading

Defendants repeatedly emphasize that they "never filed a reply" to suggest Plaintiff's Sur-Reply was misdirected. But this argument proves too much—if no reply was needed, it suggests their Motion to Dismiss was so weak that no response to any opposition was warranted. More likely, the lack of a reply simply reflects the standard briefing schedule where replies are optional.

## B. Local Rule 6-1 Does Not Bar Relief

Defendants' citation to LR 6-1(a) regarding excusable neglect is misplaced. Plaintiff's motion is brought under the court's inherent discretion to manage its docket and ensure substantive justice, not as a motion to extend time under Rule 6-1.

# VII. CONCLUSION AND REQUEST FOR RELIEF

The Lawrence County Defendants' opposition reduces to a single argument: that technical compliance with labeling requirements should trump substantive engagement with the legal issues. This approach finds no support in federal law, which consistently favors **resolution on the merits over procedural dismissals**.

Plaintiff respectfully requests that this Court:

1. **Grant the Motion for Leave** to file late opposition to the Lawrence County Defendants' Motion to Dismiss;
2. **In the alternative**, construe Plaintiff's Sur-Reply and Motion for Leave as his substantive opposition to said Motion to Dismiss;
3. **Deny** Defendants' Motion requesting dismissal based on failure to respond (Doc. 35); and
4. **Grant such other relief** as the Court deems just and proper in the interests of justice.

The procedural misstep here was minor, understandable, and causes no prejudice to any party. The interests of justice strongly favor allowing this case to proceed on its merits.

**Respectfully submitted,**

**/s/ Jose DeCastro**
Jose DeCastro
1258 Franklin Street
Santa Monica, CA 90404
(310) 963-2445
chille@situationcreator.com
Pro Se Plaintiff

**Dated:** [Date], 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply in Support of Motion for Leave to File Late Opposition was filed via email to lv_public_docketing@nvd.uscourts.gov pursuant to General Order 2023-04, and served by U.S. Mail, postage prepaid, on this 20th day of August, 2025, upon:

**Cassaundra L. Sark**
Lambert Law Office
P.O. Box 725
Ironton, OH 45638
Counsel for Lawrence County Defendants

**Dawn M. Frick, Esq.**
Surdyk, Dowd & Turner Co., L.P.A.

8163 Old Yankee Street, Suite C
Dayton, OH 45458
Counsel for City of Ironton Defendants

**Katherine F. Parks, Esq.**
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, NV 89509
Counsel for Defendants

Plaintiff consents to receive electronic notices of filing and delivery of documents via email at
chille@situationcreator.com pursuant to General Order 2023-04.

**/s/ Jose DeCastro**
Jose DeCastro